UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Segundo G.U.O., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, <br><br> Respondents. | Civil No. 26-830 (DWF/LIB) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

This matter is before the Court on Petitioner Segundo G.U.O.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 6.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Ecuador and a resident of Minneapolis, Minnesota. (Doc. No. 1 ¶¶ 1, 8, 13.) Petitioner has lived in the United States since 2020 and, before the encounter detailed in this case, had no interaction with immigration officials, and does not have a final order of removal. (*Id.* ¶¶ 13-14.) Petitioner lives with his partner and

two-year-old daughter in Minneapolis. (*Id.* ¶ 15.) Petitioner does not have a criminal record. (*Id.* ¶ 16.)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on January 27, 2026, while he was out getting groceries with his family and friends. (*Id.* ¶ 17.) ICE agents wearing bulletproof vests and masks and driving in unmarked cars surrounded Petitioner, along with other family and friends, who were inside a vehicle. (*Id.*) ICE agents broke the vehicle's windows and took Petitioner and his cousin into custody. (*Id.*) While it is unclear where Petitioner is currently being detained, the Petition asserts that Respondents quickly transported Petitioner out of the District of Minnesota. (*Id.*) In their response, Respondents indicate that they are returning Petitioner to Minnesota, while also claiming a "jurisdictional problem." (Doc. No. 6 at 2.)[1]

Petitioner filed the Petition on January 29, 2026. (*Id.* at 17.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 36-52.) Petitioner requests, among other things, an order requiring the return of Petitioner to Minnesota, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226 within seven days, and that his personal property and possessions be returned to him. (*Id.* at 16-17.) Also on January 29, 2026, the Court ordered Respondents to answer the

---

[1] Aside from this single pronouncement, Respondents do not challenge the Court's jurisdiction.

2

Petition on or before February 1, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 4.) Respondents timely filed a response. (*See* Doc. No. 6.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Doc. No. 6.) Respondents summarize the legal basis for their interpretation of the mandatory detention provision under § 1225 but, in doing so, do not raise any arguments not already rejected by the Court. As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226

applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for over five years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 4), Respondents did not do so, (*see* Doc. No. 6). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner: (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without conditions such as ankle monitors or tracking devices; and (4) with all clothing and outerwear he was wearing at the time of detention, or other proper winter attire. In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

6. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 2, 2026        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge